IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| GRAYSON CONSULTING, INC., | ) | |
| | ) | No. 2:07-cv-02992-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CHARLES CATHCART, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on three motions filed by pro se defendant David Kekich ("Kekich"). For the reasons that follow, the court grants Kekich's motion to change venue, ECF No. 721. Because the court grants the motion for change of venue, it finds as moot Kekich's motion to stay proceedings, ECF No. 722, and his notice of right to file a motion, ECF No. 723.

## I. BACKGROUND

Because the facts of this case are well known to all parties, the court dispenses with a recitation of them. Instead, the court provides a brief procedural background relating only to the motions addressed herein.

Kevin Campbell ("the Trustee"), Chapter 7 trustee for the estate of Derivium Capital, LLC ("Derivium"), filed this complaint on August 31, 2007 against a number of defendants, including Kekich. Kekich, a resident and citizen of California, served as Derivium's Director of Associate Relations from 1998 to 2000. Compl. ¶¶ 31, 75. Grayson Consulting, Inc. was substituted as plaintiff on November 7, 2012, pursuant to

1

the transfer of the Trustee's claims to Grayson Consulting. <u>See</u> Order for Substitution of Party & Counsel, ECF No. 549.

The complaint asserts seventeen causes of action, eleven of which are asserted against Kekich. Those causes of action are:

(i) Turnover and declaratory relief pursuant to 11 U.S.C. § 542 (first cause of action);

(ii) Actual fraud pursuant to 11 U.S.C. § 544(b) and S.C. Code §27-23-10 (second cause of action);

(iii) Constructive fraud pursuant to 11 U.S.C. § 544(b) and S.C. Code §27-23-10 (third cause of action);

(iv) Conversion (tenth cause of action);

(v) Quantum meruit (eleventh cause of action);

(vi) Constructive trust (twelfth cause of action);

(vii) Accounting (thirteenth cause of action);

(viii) Aiding and abetting breach of fiduciary duty (fourteenth cause of action);

(ix) Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (fifteenth cause of action);

(x) Negligence, gross negligence, and/or willful and wanton conduct (sixteenth cause of action); and

(xi) Injunctive relief (seventeenth cause of action).

Trial is set to begin in this case on April 14, 2014. On March 6, 2014, Kekich filed the three pending motions. Grayson Consulting opposed the motions on March 24, 2014, and Kekich emailed a reply on March 31, 2014 which was docketed on April 2, 2014. These matters have been fully briefed and are ripe for the court's review.

## II.  DISCUSSION

Kekich argues that the court should transfer all claims against him to the United States District Court for the Central District of California on the basis that he otherwise will be unable to defend himself at trial.  Def.'s Mot. to Change Venue 1-2.  The court agrees that the claims against Kekich should be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure and that these severed claims should be transferred.

### A.  Severance of Grayson Consulting's Claims Against Kekich

Rule 21 allows a court to "sever any claim against a party," even when that claim has been properly joined.  Fed. R. Civ. P. 21; Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 204 F. Supp. 139, 141 (W.D.S.C. 1962).  Under Rule 21, "a court has virtually unfettered discretion in determining whether or not severance is appropriate." 17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd., 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005) (quotation omitted). With respect to Rule 21 severance,

> In determining whether severance is proper, courts consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed.

Equal Rights Ctr. v. Equity Residential, 483 F. Supp. 2d 482, 489 (D. Md. 2007).

The first three factors weigh against severance.  The claims that Grayson Consulting asserts against Kekich overlap with the claims asserted against other defendants in this case.  Likewise, the evidence used to prove the claims against Kekich will likely overlap with the evidence used to prove Grayson Consulting's claims against other defendants.  Third, it will certainly be more expensive for Grayson Consulting to

conduct a separate trial against Kekich in California after conducting a trial against the remaining defendants in this court.

The fourth factor, however, weighs heavily in favor of Kekich and is dispositive on this issue. Kekich is paralyzed and suffers from neuropathic pain as well as spontaneous foot spasms. Def.'s Reply in Supp. of Mot. to Change Venue 2-3. He has no control over his bowels and bladder and must self-catheterize to accomplish elimination. Id. at 3-4. These conditions would make trans-continental travel from California to South Carolina difficult, if not impossible, for Kekich. They would also make it very difficult for Kekich to endure what is expected to be an eight-day trial.

A litigant "has a legitimate and significant interest in attending his own trial." Adkins v. Serv. Wire Co., Docket No. 02-cv-0982, 2002 WL 31443208, at *5 (W.D. Va. Oct. 31, 2002); see also Marks v. Mobil Oil Corp., 562 F. Supp. 759, 768 (E.D. Pa. 1983) aff'd, 727 F.2d 1100 (3d Cir. 1984) ("A party to a lawsuit has a right to attend the trial absent an overwhelming reason to the contrary."). In this case, Kekich simply cannot attend his own trial if the trial is located in South Carolina.[1] As a result, the claims against Kekich must be severed.

---

[1] Kekich's proposed alternative, participating in his trial via a live feed from his apartment in California, is unworkable. The court is not equipped to broadcast an audio or video feed of the trial to Kekich's home. Though Kekich is correct that voice-over Internet Protocol ("VoIP") services such as Skype are widely available, such services are not designed to capture a trial's continual and sometimes overlapping conversations between attorneys, witnesses, and the court. Nor would a VoIP service allow Kekich to review evidence that is identified and admitted during the trial.

The three-hour time change between South Carolina and California presents another
The three-hour time change between South Carolina and California presents another obstacle to Kekich's proposal. Kekich has previously informed plaintiff's counsel that his catheterization program takes several hours each morning, and that he is usually unavailable before 12:00 p.m. Pacific time (3:00 p.m. Eastern time). The court cannot modify its trial schedule to accommodate Kekich's available hours. Beginning trial at 3:00 p.m. Eastern time would require the court either to keep the courthouse open late into the night or to conduct trial

### B. Transfer of Grayson Consulting's Claims Against Kekich

Federal law also allows courts to transfer civil actions to other districts. 28 U.S.C. § 1404 states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." District courts have broad authority to grant or deny motions to transfer cases to other districts, and the court's ruling will be reversed only for a clear abuse of discretion. Landers v. Dawson Constr. Plant, Ltd., 201 F.3d 436 (4th Cir. Nov. 2, 1999) (unpublished table decision) (citing Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993)). Section 1404 "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations omitted).

Courts consider a number of factors when weighing a motion to transfer. Id. In particular, courts commonly consider:

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Nexsen Pruet, LLC v. Westport Ins. Corp., Docket No. 10-cv-00895, 2010 WL 3169378, at * 2 (D.S.C. Aug. 5, 2010); United States v. $15,716.00 in U.S. Currency, Docket No. 90-cv-00004, 2008 WL 4602730, at *1 (W.D. Va. Oct. 15, 2008); Selective Ins. Co. of S. Carolina v. Schremmer, 465 F. Supp. 2d 524, 527 n.4 (D.S.C. 2006); Alpha Welding

---

for only three hours each day – from 3:00 p.m. to 6:00 p.m. Eastern time. These are not viable options.

& Fabricating, Inc. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D.W. Va. 1993); Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992).

      This case involves a complex financial fraud scheme that allegedly involved entities and individuals from a number of foreign locales.  The evidence in this case comprises a wide variety of documents, the deposition testimony of unavailable witnesses, and the testimony of witnesses expected to appear at trial.  Most of the witnesses who will be called do not reside in South Carolina.  As a result, the court finds that the first factor weighs in favor of Kekich.  The second factor also weighs in favor of Kekich.  It will certainly be inconvenient for Grayson Consulting to litigate a separate trial against Kekich in California.  However, for the reasons explained above, it is almost impossible for Kekich to attend trial in South Carolina.  The third factor weighs against Kekich, as it will certainly be costly for witnesses to attend trial in South Carolina and, at a later date, in California.  The court finds that the fourth, fifth, and sixth factors are not particularly applicable to this case.  Finally, the seventh factor weighs heavily in favor of Kekich.  It is surely in the interest of justice to allow a paralyzed, pro se defendant to attend his own trial.  See Valvoline Instant Oil Change Franchising, Inc. v. RFG Oil, Inc., Docket No. 12-cv-0039, 2012 WL 3613300, at *12 (E.D. Ky. Aug. 22, 2012) (transferring a case to a quadriplegic defendant's home district); Lapham-Hickey Steel Corp. v. A.G. Edwards Trust Co., Docket No. 03-cv-03282, 2003 WL 22324877, at *4 (N.D. Ill. Oct. 8, 2003) (transferring a case to accommodate a quadriplegic victim-witness); Tenet Emp. Benefit Plan v. Delgado, Docket No. 98-cv-00946, 1998 WL 355471, at *3 (N.D. Tex. June 26, 1998) (transferring a case to the home district of a paraplegic pro se defendant).

## IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant David Kekich's motion to change venue, ECF No. 721.  Accordingly, Grayson Consulting's claims against Kekich are hereby **SEVERED** and **TRANSFERRED** to the United States District Court for the Central District of California.  The court **FINDS AS MOOT** Kekich's motion to stay proceedings, ECF No. 722, and his notice of right to file a motion, ECF No. 723.

**AND IT IS SO ORDERED**.

                                                                   _____
                                                                   **DAVID C. NORTON**
                                                                   **UNITED STATES DISTRICT JUDGE**

**April 8, 2014**
**Charleston, South Carolina**